Robinson, J.
This is an original action in this court to compel the Industrial Commission of Ohio to consider and allow the application of the relator for a rehearing of an application filed by her and disallowed by the Industrial Commission more than six years prior to the filing of the application for rehearing, from which disallowance an appeal had been prosecuted to the common pleas court of Marion county, which appeal had been heard by that court and jury, and a verdict rendered and
The Legislature of Ohio has seen fit to define the writ of mandamus and to provide when it shall issue. Section 12283, General Code, provides:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
No claim is made here that any statutory duty is enjoined upon the Industrial Commission to grant a rehearing in this case, but it is claimed that the Industrial Commission has imposed upon itself the duty of granting such rehearing by the adoption of subdivision (b) of rule 2'2, where *557 this language is used, “if it appears to the Commission that substantial justice has not been done to the interested parties.” But the petition fails to state that the Commission made any such finding, but avers the finding of the 'Commission to have been that it “denied said application for a rehearing solely on the ground that defendant was without jurisdiction because said cause had been appealed to and decided by the aforesaid common pleas court of Marion county.”
Granting, as we do, that the rules adopted by the Industrial Commission have upon it the force and effect of law until annulled by the Commission, or by this court, the relator has not averred a, finding by the Industrial Commission that substantial justice has not been done, essential, under the rule, to enjoin upon the Commission the duty to grant the rehearing. This court in a mandamus suit might well rest its decision upon that ground alone, but, since the Commission made the affirmative finding that it was without jurisdiction in this matter, the parties hereto are entitled to the judgment of this court upon that subject.
That the jurisdiction was transferred from the Industrial Commission to the court of common pleas of Marion county by the appeal is necessarily conceded. Having been transferred to the courts by the appeal, by what process did the courts lose that jurisdiction?
The statute (Section 1465-90, General Code) provides:
“Any final judgment so obtained shall be paid by the Industrial Commission of Ohio out of the *558 state insurance fund in the same manner as such .awards are paid by such Commission.”
Upon final judgment in favor of the claimant, jurisdiction is by law reoonferred upon the Industrial Commission to carry such judgment into execution, but we know of no provision for a review of the judgment of a court by the Industrial Commission; such judgment being subject to review only upon error in a higher court.
It is true in this case that the judgment of the court of common pleas was never journalized, and technically the case is probably still pending in that court. That fact, however, is not significant, since the verdict of the jury was against the relator here, and the only statutory provision for the reinvesting, of the Industrial Commission with jurisdiction is where the claimant recovers a judgment.
The amended petition does not state facts which create a duty specially enjoined by law upon the Industrial Commission to rehear the application of the relator for compensation. The demurrer to the amended petition is therefore sustained.

Demurrer sustained.

Jones, Matthias and Kinkade, JJ., concur.